# United States District Court

MIDDLE District of ALABAMA

JUL 17 1991
THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| ODELL EUGENE CAMMON | Case Number: 91-7-N |
| a/k/a Eugene Love | |
| a/k/a Harry Green | Hon. John D. Cates |
| (Name of Defendant) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____.
☒ was found guilty on count(s) _4, 8 and 9 by jury verdict on April 23, 1991_ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 922(g)(1) | Felon in possession of firearms which had been transported in interstate commerce. | 5-23-90 | 4 |
| 21 USC 841(a)(1) | Distribution of a Schedule II controlled substance - cocaine base. | 5-23-90 | 8 |
| 18 USC 924(c)(1) | Carrying a firearm during a drug trafficking crime. | 5-23-90 | 9 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) _2 and 3 by jury verdict on April 23, 1991_, and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ _150.00_, for count(s) _4, 8 and 9_, which shall be due ☒ immediately ☐ as follows: through the office of the U.S. District Court Clerk.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _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_

Defendant's Date of Birth: _8-2-49_

Defendant's Mailing Address:
Route 3, Box 46
Clanton, Alabama  35448

Defendant's Residence Address:
Same as above

July 17, 1991
Date of Imposition of Sentence


Signature of Judicial Officer

TRUMAN HOBBS, Senior U.S. District Judge
Name & Title of Judicial Officer

July 17, 1991

EOD   Date   7-18-91

★U.S.GPO:1990-722-448/10286

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: ODELL EUGENE CAMMON | Judgment—Page 2 of 4 |
| Case Number: 91-7-N | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  TWO HUNDRED SEVENTY (270) MONTHS.  This term consists of terms of 120 months on Count 4 and 210 months on Count 8 to be served concurrently with each other and 60 months on Count 9 to be served consecutively to the term on Count 8.  The defendant is to stand committed for service of this sentence this date.

The Court finds that there are no factors that are aggravating or mitigating to the extent that they indicate a sentence outside the guideline range.

The Court finds that the sentence imposed is consistant with the factors stated at 18 USC 3553(a) to be considered in imposing a sentence.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
    ☐ at _____ a.m. / p.m. on _____.
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

★U.S.GPO:1990-722-448/10286

Defendant: ODELL EUGENE CAMMON  
Case Number: 91-7-N

Judgment—Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __THREE (3) YEARS on each of Counts 4, 8 and 9 to run concurrently.__

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device.

[X] The defendant is to participate in a substance abuse treatment program as directed by his probation officer.

[X] The defendant is to provide his probation officer with any requested financial information.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: ODELL EUGENE CAMMON                    Judgment—Page __4__ of _4_
Case Number: 91-7-N

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __32__

Criminal History Category: __VI__

Imprisonment Range: _210_ to _262_ months        (60 months on Ct. 9)

Supervised Release Range: _3_ to _5_ years

Fine Range: $_17,500.00_ to $_1,000,000.00_

    [X] Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _NONE_

    [X] Full restitution is not ordered for the following reason(s):  there is no identifiable victim who incurred a loss as a result of this offense.

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[X] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):  The sentence of 210 months is imposed at the lower end of the guideline range because the defendant is also required to serve a mandatory 60-month consecutive sentence as to Count 9.  The Court finds that a total sentence of 270 months reflects the seriousness of the offense, will afford adequate deterrence to criminal conduct and will protect the public from further crimes of the defendant.

OR

The sentence departs from the guideline range

    [ ] upon motion of the government, as a result of defendant's substantial assistance.

    [ ] for the following reason(s):